ISAAC WARNER, appellant, *vs.* HEMAN LOWRY, sheriff, appellee.

*Quere*—Whether a respondent, while in actual custody on a criminal warrant, is liable to arrest on execution, at the suit of a party?

An officer having execution against a debtor, and being in the presence of such debtor, while under examination upon a criminal complaint, is bound to await the result of such examination, and then levy his execution; unless prevented by some necessary and sufficient reason.

THE pleadings, in this case, were as follows:

"Heman Lowry, of Burlington, in the County of Chittenden, is attached to answer unto Isaac Warner, of the same Burlington, in a plea of trespass on the case, for that, whereas, the said Isaac Warner, heretofore. to wit. at said Burlington, on the 9th day of February, 1821, before George Robinson, Justice of the Peace,

*Chittenden, December, 1825.*

*Declaration.*

Warner
*vs.*
Lowry

recovered judgment, in his, the said Isaac's favour, against one Truman Barney, by the consideration of said Justice, and confession of the said Barney, for the sum of 118 dollars damages, and twenty-five cents cost of said judgment, as by the records thereof, in the said Justice's office remaining, appears. And afterwards, to wit, on the 27th day of October, 1821, the said Warner took out a writ of execution, of the price and cost of 25 cents, in due form of law, on the judgment aforesaid, in favour of the said Warner, against the said Barney, for the aforesaid sums, dated the day and year last aforesaid, signed by said justice Robinson, made returnable within sixty days from the date thereof, and directed to the sheriff of *Chittenden* county, his deputy, or either constable of Jericho; in said county, and afterwards, to wit, on the 25th day of December, 1821, at said Burlington, the said Warner delivered the said writ of execution, the same then being in full life, and wholly unsatisfied, to Heman Lowry, who then, and for a long time before, and since that time, was, and still is, sheriff of said Chittenden county, duly appointed and authorised to serve, execute and return, all writs, processes and executions, to him directed, within said county of Chittenden; to serve, execute and return according to law. And the said Heman Lowry, sheriff as aforesaid, having received the said execution, not regarding his duty as such sheriff, but contriving, and wrongfully and unjustly intending to injure, prejudice and aggrieve the said Isaac Warner in that behalf, and to deprive him of the benefit of his said judgment and execution, and prevent his collecting the said sums of money mentioned in said execution, did not execute and return said writ of execution, according to law, within sixty days from the date thereof; but wholly neglected and refused so to do—whereby the said Warner is greatly injured, and has wholly lost the benefit of his said judgment and execution.

Second count.    And whereas, the said Isaac Warner, heretofore, to wit, at said Burlington, on the 9th day of February, 1821, before George Robinson, Esq. one of the justices of the peace, &c. recovered one other judgment, in his, the said Warner's favour, against the said Truman Barney, by the consideration of said justice, and the confession of said Barney, for the sum of 118 dollars damages, and 25 cents costs of said judgment; as, by the said record thereof, in said justice's office remaining, appears. And afterwards, to wit, on the 27th day of October, 1821, the said Isaac took out a writ of execution, of the price and cost of 25 cents, on the said last mentioned judgment, in due form of law, in favour of said Warner, against said Barney, for the last mentioned sum of 118 dollars damages, and 25 cents costs, dated the day and year last aforesaid, signed, &c., made returnable, &c. and directed, &c.; and afterwards, to wit, on the 25th day of December, A. D. 1821, at Burlington, aforesaid, the said Warner delivered the said last mentioned writ of execution, (the same being in full life, and wholly unsatisfied) to Heman Lowry, who, &c., to serve, execute, and return, according to law. (*)And

the said Isaac Warner, in fact saith, that the said Truman Barney, at the time of the delivery of the said last mentioned execution to the said Heman Lowry, so being sheriff as aforesaid, and from thence until the return day of the said last mentioned execution, was within the said sheriff's precinct, and the said sheriff at any time during that time, might have arrested and taken the said Truman Barney, by virtue of the said last mentioned execution, in favour of the said Warner, if he would so have done; whereof the said Heman Lowry, so being sheriff as aforesaid, during all that time, had notice, to wit, at Burlington, aforesaid. Yet, the said Heman Lowry, so being sheriff as aforefaid, not regarding the duties of his said office, but contriving, and intending wrongfully and unjustly to injure, prejudice and aggrieve the said Warner, and to delay and hinder him in and from the collection of his said last mentioned execution, did not, nor would he at any time, within the life of the said last mentioned execution, although often requested so to do, arrest and take the said Truman Barney, and him commit to the jail of the said county, as by the said last mentioned execution, he was commanded, and by law he ought to have done; (there being no goods, chattels, or estate of the said Barney, shewn to the said sheriff, or found within his precinct, whereon to levy, or wherewith to satisfy the same) but wholly neglected so to do; whereby the said Warner hath been, and is greatly injured, and prevented from the collection of his said last mentioned execution, and hath wholly lost the benefit of his said last mentioned judgment and execution.

And whereas, also, [*the same as the second to the asterisk,* (*) **Third count.** *and then proceeds*]—and afterwards, to wit, at said Burlington, on the 26th day of December, 1821, the said Heman Lowry, so being sheriff as aforesaid, by virtue of the said last mentioned execution, thereon arrested and took the said Truman Barney, and him committed to the jail of said county, within said prison, of which said Lowry is keeper, until he should pay and satisfy to the said Warner his said damages and cost, mentioned in the said last mentioned execution, for which the said Truman was committed to jail as aforesaid; yet the said Heman Lowry so being sheriff of said county as aforesaid, not regarding his duty as such sheriff, but contriving, and wrongfully and unjustly intending to injure, prejudice and aggrieve the said Warner in that behalf, and to deprive him of the benefit of his said last mentioned judgment and execution, and of the benefit of the said commitment of the said Barney, to the jail of said county as aforesaid, until he should pay the said Warner his said last mentioned damages and costs, specified- in said last mentioned execution, did not make return on said execution last mentioned, of his said commitment of said Truman Barney, to the jail of said county, by virtue of the said last mentioned execution, at the return thereof, according to the precept thereof, and as by law he ought to have done; but therein wholly failed, and made default. And at the return day thereof, to wit, on the 26th day

*Chittenden,*
*December,*
1825.

Warner
*vs.*
Lowry.

8

Chittenden,
December,
1825.

Warner)
vs.
Lowry.

of December, 1821, falsely and deceitfully made return upon said last mentioned execution, into said justice's office, that he could find neither the body or property of the said Barney within his precinct, whereon to levy and satisfy said last mentioned execution; as by the said return endorsed on said last mentioned execution, remaining in said justice's office, fully appears; by means of which, the said Truman Barney hath been liberated and discharged from his imprisonment, by virtue of the said last mentioned execution, in favour of said Warner; and the said Warner is thereby greatly injured, and deprived of the means of collecting the said sums of money, mentioned in the said last mentioned execution, and hath wholly lost the benefit of the same, which is still wholly unpaid and unsatisfied to the said Warner, &c.

To his damage two hundred dollars, &c.

And now the defendant here in Court, comes and defends the wrong and injury, when, &c. and pleads and says, that as to the first and second counts in the plaintiff's declaration mentioned, he ought not to have and maintain his said action thereof against him, because he says, that although true it is, that the plaintiff recovered a judgment in his favour, against the said Truman, as set forth, and that one Prosper Blackman, a deputy of the defendant, received the said execution, issued on said judgment, on the day, and in the manner and form set forth; yet, the said defendant saith, that before he received the said execution of the plaintiff, for the purposes aforesaid, to wit, on the 25th day of December, 1821, he the said Prosper had arrested the said Truman Barney, and at the time of the said Prosper's receiving the said execution, had the said Truman Barney in his custody, by virtue of a criminal process, to wit, a warrant, issued and signed by George Robinson, one of the justices of the peace in and for said county of Chittenden, in due form of law, founded on a complaint made and signed by Lewis Chapin, one of the grand jurors for the town of Jericho, in said county, therein charging the said Truman with having, with force and arms, impeded and hindered one Samuel Page, a legal executive officer, acting under the authority of this state, in the execution of his said office; which said complaint and warrant was directed to the sheriff of Chittenden county, or either of his deputies, to serve and return, and made returnable forthwith to the said Robinson, justice of peace as aforesaid. And the said Prosper Blackman, having said Barney in custody, by virtue of said warrant, did thereupon, on the day and year last aforesaid, at Burlington, aforesaid, surrender and deliver up the said Barney to the charge of said justice, then holding a court at said Burlington, on said complaint, to be dealt with according to law. And afterwards, to wit, on the 26th day of December, 1821, the said Prosper Blackman made diligent search throughout his precinct, and could not find either the body or property of the said Barney, whereon to levy and satisfy said execution; and thereafterwards, to wit, on the

day and year last aforesaid, caused the said execution to be re-
turned unto the office of the said Robinson, justice of the peace
as aforesaid, with the following return thereon endorsed, made
and signed by the said Prosper Blackman, one of the legal dep-
uties of the defendant, to wit:

"Chittenden county, ss. December 25th, 1821. Then re-
ceived this execution, for the purpose of levying and collecting
the same, and the within named Truman Barney, at the time of
the receipt of this execution, as aforesaid, being in my custody,
by virtue of a warrant issued by George Robinson, justice of the
peace for the county of Chittenden, on a complaint signed by
Lewis Chapin, one of the grand jurors for the town of Jeri-
cho, in said county, and made returnable forthwith before
said Robinson, justice of the peace as aforesaid, at his office in
Burlington; and thereupon, on the said 25th day of December,
by virtue of said warrant, I did, in obedience thereto, deliver
up said Barney to said justice, holding a court on said complaint,
to be dealt with according to law. I was therefore unable to
arrest the body of said Barney, or commit him to jail on the
within execution, he being in legal custody on said warrant;
and afterwards, on the 26th day of December, 1821, I made dil-
igent search and inquiry throughout my precinct, and can find
neither the body or property of the said Barney, whereon to
levy and satisfy this execution: I do, therefore, return the same
wholly unsatisfied." All which the defendant is ready to verify
and prove: wherefore, he prays judgment if the said plaintiff
ought to have or maintain his said action thereof, against the
defendant, and that he may recover his costs.

By his attornies, *Griswold* and *Follett.*

And as to the third count, in the plaintiff's declaration men- Plea to 3d
tioned, for further plea in this behalf, the defendant pleads and count and is-
says, that he is not guilty in manner and form as the plaintiff in sue.
his declaration hath alleged, which he prays may be inquired of
by the county.

By his attornies, *Griswold* and *Follett.*

And the plaintiff likewise, by *Allen,* his attorney.

To the defendant's plea in bar, there was a demurrer, and
joinder in demurrer.

*Allen,* for the plaintiff. The question is, was it the duty of
the sheriff to surrender his prisoner into the custody of the
Court, or to hold him in custody before the Court, during his
trial.

On civil process, the defendant, unless out on bail, is suppos-
ed to plead in custody of the sheriff.

If the sheriff surrenders his prisoner to the custody of the
Court, in what capacity does the Court act? Is he then a ju-
dicial or an executive officer?

The sheriff having Barney in his custody, the delivery of this
execution to him, is a legal arrest of Barney upon it.---2 *Esp.*
*N. P.* 607.

*Chittenden,*
*December,*
*1825.*

Warner
*vs.*
Lowry.
*Stat. 131,
ch. 9, § 25.*

Blackman was a proper officer, attending justice Robinson's court; the justice, therefore, had no need, and, it would seem, from the words of the statute, no authority to appoint any one to supply his place.*

*Adams* and *Thompson,* for the defendant. It appears, by the pleadings, that plaintiff delivered the execution against Truman Barney, to the defendant's deputy, with but one day's life. That when received, Barney was in custody, upon a warrant, and was surrendered to the court for trial; that on the *next* day, the officer made search for said Barney, and not finding him, returned the same, unsatisfied.

Defendant contends, that the plaintiff has no cause of action against him, because, 1. Barney was not subject to arrest, on said 25th December, 1821.----3 *Mass.* 288. *Mc Neils'* *Case.*----*Meekins* vs. *Smith,* 1 *H. Blackstone,* 636, and various authorities clearly show, that a party is privileged from arrest, *eundo et redundo et manendo.* If it should be said this is a *personal* privilege, it may be replied, that we are not to presume this privilege was waived; and without it was waived, it is clear, that the officer could not commit him, even if Barney had been attending a civil suit. But as he was attending a criminal prosecution, we contend,

2. That the officer had not power to arrest him. This results from the necessity of the case. It would be futile to allow the officer to arrest, without the power of committing. Those who are arrested on criminal warrants, are in the custody of the state, for the time being; and the rights of creditors over the bodies of their debtors, are, *pro hac vice,* merged in the paramount claims of the state. It is not necessary to inquire into the nature of the crime, upon which, &c. as there must be some general rule, equally applicable to all cases, whether capital or inferiour, and if the sheriff, while transporting a convict to the state prison, is not to be deprived of his charge, it follows, that the officer, in this case, had not power to make the arrest.

3. The officer did all which it was in his power to do, and is, therefore, to be exonerated. The officer could not be required to remain, waiting the termination of the suit before justice Robinson, in order to arrest Barney. It is to be presumed he had business in other places, and could not, consistently with his publick duties, remain through the day, to make this arrest.---- There was no apparent necessity, nor did his duty as an officer require, that he should forego all other business, and remain through the day, to execute a process, then for the first moment thrust into his hands. If he in good faith, endeavoured to execute it in a reasonable time, the law will hold him harmless. It appears, that on the next day after receiving the execution, he made diligent search, &c. but not finding Barney, returned the execution, unsatisfied; and for all his trouble, gets nothing, except the vexation of this suit.----4 *Bac. Abr.* 222.

The opinion of the Court was delivered by

*Chittenden,*
December,
1825.

*Warner*
*vs.*
*Lowry.*

ROYCE, J. It is unnecessary, in this case, to decide whether Barney, while in custody on the criminal warrant, returnable before justice Robinson, was liable to arrest, on the plaintiff's execution, or not: though if the cause depended on that question, it would probably be considered that he was liable to such arrest, and, in point of law, was arrested by the delivery of the execution to the same officer who had him in custody on the warrant. But this arrest would be subject to the prior and paramount arrest on the warrant. And this opinion would have proceeded upon the manifest distinction between the situation of Barney, at the time, and that of all persons to whom the privilege from arrest has been extended. This point, however, is not decided, on the present occasion.

It is admitted, by the pleadings, that the defendant's deputy, while holding the execution in favour of the plaintiff, was *with* Barney, at the office of justice Robinson, in Burlington. It was his duty, therefore, to have executed the plaintiff's writ, unless legally prevented. And though we do not say, that this should have been done, pending the criminal inquiry, yet it certainly should, upon the determination of that inquiry, unless the officer was prevented from attending, to wait the result of that prosecution, and make the arrest for the plaintiff, by some necessary and sufficient reason. The plea in this case, discloses no such reason. On the contrary, the inference is, that the same officer who arrested Barney, and had him before the justice court, upon the warrant, continued his custody of him, before that court. It is not alleged that the custody of Barney was, by order of the justice, transferred from the defendant's officer, to any other person. It is said, indeed, that he was surrendered and delivered to the charge of the justice. But this is to be understood according to the subject matter to which it relates, and with reference to the proper powers and duty of the justice. It is not alleged that the justice received the personal custody and control of the prisoner, or that the defendant's officer was discharged from that duty. The plea then amounts only to this; that the defendant's officer, in obedience to the warrant, arrested Barney, and had him in custody, before the justice court, subject to the legal order and disposition of that court. And, for any thing that appears to the contrary, the custody of the same officer continued unchanged, till Barney was discharged. But, if we should understand the defendant's officer to have been discharged by the justice, from the custody of Barney, yet his duty to the plaintiff would equally require, that he should wait an opportunity to arrest upon the execution, if no sufficient reason prevented: and none is alleged.

> Judgment, that the plea in bar, to the first and second counts of the declaration, is insufficient.

*Heman Allen* and *Isaac Warner*, for plaintiff.

*Wm. A. Griswold, J. C. Thompson,* and *Chs. Adams,* for defendant.